UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PERRY LEE WYSINGER                         CIVIL ACTION NO. 18-cv-0568

VERSUS                                     JUDGE DOUGHTY

DEPT. OF VETERANS AFFAIRS                  MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Perry Lee Wysinger, who is self-represented, filed this civil action against the Department of Veterans Affairs ("VA"). Mr. Wysinger alleges that he is a veteran, and he applied for a non-service connected disability pension through the VA. He alleges that he was granted a pension, but he received only one check in 1995 before being cut off from benefits. He demands back payment and renewal of his pension. For the reasons that follow, it is recommended that this civil action be dismissed for lack of jurisdiction.

**Analysis**

Congress has passed statutes that make it clear that federal district courts may not review veterans' benefits determinations. There is an exclusive review procedure that the veteran must follow, and it begins with filing a claim at a regional office of the VA. The veteran may appeal his benefit determination to the Board of Veterans Appeals. The Board's decision may be appealed to the Court of Appeals for Veterans Claims, and that court's decisions are reviewed exclusively by the United States Court of Appeals for the Federal Circuit. The veteran may then petition for review by the Supreme Court. See

Shinseki v. Sanders, 129 S.Ct. 1696, 1701 (2009) (outlining appeals process); King v. U.S. Department of Veterans Affairs, 728 F.3d 410 (5th Cir. 2013) (district court lacks jurisdiction over benefits claim against the VA); Zuspann v. Brown, 60 F.3d 1156, 1158-60 (5th Cir. 1995) (district court lacks jurisdiction over benefits claim against the VA); and Lundy v. Department of Veterans Affairs, 142 F.Supp. 2d 776 (W.D. La. 2001) ("district courts are precluded from reviewing VA benefit decisions."). This court does not have the authority to grant the relief that Mr. Wysinger requests. He must make his arguments within the process that Congress has established for review of such claims.

**Sanctions Warning**

Mr. Wysinger previously filed an almost identical complaint in Wysinger v. Department of Veterans Affairs, 16-cv-1296. The court dismissed that action after providing the explanation set forth above. Mr. Wysinger has nonetheless chosen to file this repetitive and meritless civil action.

Mr. Wysinger has also filed other civil actions that were found to lack merit. In Wysinger v. Commissioner of Social Security, 95-cv-1274, his complaint was dismissed because he failed to exhaust administrative remedies before filing suit, and his motion to reopen (filed 17 years later) was also denied. Mr. Wysinger complained about his home telephone service in Wysinger v. Budget Phone, Inc., 14-cv-1109, and the complaint was dismissed with prejudice for failure to state a claim on which relief may be granted. A dispute over water bills led to the filing of Wysinger v. Town of Many, 17-cv-0012, which the court dismissed for lack of subject-matter jurisdiction. Plaintiff has sometimes

proceeded as a pauper (as in this case), and other times he has paid the filing fee. None of his complaints filed in this court have been found to have merit.

Plaintiff must cease filing frivolous suits and abusing the judicial process, whether he is proceeding as a pauper or after payment of fees. The judges and staff of the court and clerk's office have to spend numerous hours processing and resolving meritless filings. Allowing Mr. Wysinger to add to that burden and continue to consume the resources of the court and the community with frivolous filings delays justice for other citizens who have legitimate business before the court. If Mr. Wysinger continues to make such filings, the court will consider the imposition of sanctions, including an order that he pay monetary sanctions, a limitation on his ability to file as a pauper, and a requirement of judicial pre-approval for future filings. See Gardner v. Shreve Memorial Library, 2014 WL 1315077, *2 (W.D. La. 2014).

Accordingly,

**IT IS RECOMMENDED** that Mr. Wysinger's complaint be **dismissed without prejudice** for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of May, 2018.

Mark L. Hornsby
U.S. Magistrate Judge